UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO HARRISON and
RAYCHELLE WOOLFOLK,

    Plaintiffs,                    Case No. 2:22-cv-12034
                                      District Judge Paul D. Borman
v.                                  Magistrate Judge Kimberly G. Altman

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
LEON BROADNAX,

    Defendants.
_____/

**ORDER CONDITIONALLY GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTION TO COMPEL (ECF No. 39)**

       I.       Introduction

This is an employment discrimination case. Plaintiffs Antonio Harrison and Raychelle Woolfolk (Woolfolk) are suing their former employer, the Michigan Department of Health and Human Services and Leon Broadnax, the Director of Safety and Security at the Center for Forensic Psychiatry (CFP),[1] for retaliation under Title VII. *See* ECF No. 1. All pretrial matters have been referred to the

---

[1] "CFP houses violent and dangerous criminals, who have been adjudicated mentally incompetent, civil probate placements and those individuals found not guilty by reason of insanity." (ECF No. 1, PageID.2).

1

undersigned. (ECF No. 30).

Following two telephonic conferences where plaintiff's counsel expressed that defense counsel had failed to fully respond to his discovery requests, the Court instructed plaintiff's counsel to file a motion to compel. That motion has now been filed, (ECF No. 39), as has a response, (ECF No. 40). The parties have also filed a timely joint statement of resolved and unresolved issues. (ECF No. 42). A hearing on the motion to compel was held on March 13, 2024. For the reasons that follow, the motion will be CONDITIONALLY GRANTED IN PART and DENIED IN PART.

## II. Legal Standard

The scope of discovery permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The scope, however, may be "limited by court order," *id.*, meaning it is within the sound discretion of the Court. *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters . . . and in deciding discovery disputes, a magistrate judge is entitled to that same broad

2

discretion, and an order of the same is overruled only if the district court finds an abuse of discretion.") (internal citation omitted).  Moreover, discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

If a party believes that another party is not complying with discovery requests, then it may file a motion to compel.  Motions to compel are governed by Federal Rule of Civil Procedure 37(a)(3)(B), which states, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

### III. Discussion

#### A. Joint Statement

In their joint statement, the parties explain that they have narrowed the instant discovery dispute.  *See* ECF No. 42.  Specifically, they have resolved their disputes regarding Interrogatory Nos. 1, 14, 16, 18, and Request to Produce No. 1. (ECF No. 42, PageID.565).  There remain four unresolved issues.  The second, third, and fourth issues are related and will be discussed together.

#### B. Unresolved Issue No. 1 (ECF No. 42, PageID.565-566)

This unresolved issue involves Request to Produce Nos. 2, 4, 6, 7, 8, 9, 10, 11, 16, 17, and 21, all of which are requests for the production of emails.  This dispute largely boils down to a disagreement between counsel on how to proceed

3

with e-discovery. According to defendants, if they ran searches based on plaintiffs' requests as phrased, it would produce an unwieldly number of potentially responsive emails. As such, defense counsel proposes that counsel "negotiate appropriate custodians, search terms, and date ranges to narrow the request to a reasonable and proportional set of emails for review."

Defense counsel has raised a proper objection under Rule 34(b)(2)(B), which requires that objections to e-discovery be stated with specificity. The 2015 Advisory Committee notes provide the following as an example of a proper objection under the Rule: "[A] statement that the responding party will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources."

Under Rule 26(b)(2)(B), the Court can "specify conditions for the discovery" of electronic materials such as emails. Other magistrate judges in this district have required the requesting party to provide search terms as part of their specified conditions for discovery. *See, e.g.*, *McNulty v. Reddy Ice Holdings, Inc.*, 271 F.R.D. 569, 571 (E.D. Mich. 2011) (explaining that Rule 26(b)(2)(B) "permit[s] the Court to 'specify conditions for the discovery,' including requiring the [p]laintiff to provide more narrowly focused search terms"); *Henry v. Quicken Loans, Inc.*, No. 04-40346, 2008 WL 474127, at *1 (E.D. Mich. Feb. 15, 2008) (ordering e-discovery "based on search terms and methods to be worked out by the

4

attorneys for both sides"). Accordingly, the motion to compel is CONDITIONALLY GRANTED as to Request to Produce Nos. 2, 4, 6, 7, 8, 9, 10, 11, 16, 17, and 21. Counsel shall meet and confer within twenty-one (21) days of entry of this order to come to an agreement on custodians, search terms, and date ranges to enable defendants to produce responsive emails to plaintiffs' document requests.[2]

      C.     Unresolved Issue Nos. 2-4 (ECF No. 42, PageID.566-567)

These unresolved issues concern Interrogatory Nos. 2, 3, and 4, to each of which defendants provided the substantively same objection.

> INTERROGATORY NO. 2: Please explain in detail why Raychelle Woolfolk was suspended without pay on a charge of patient neglect in January of 2017 and indicate who was involved in that decision. (ECF No. 39-2, PageID.413).
>
> INTERROGATORY NO. 3: Please explain in detail why Raychelle Woolfolk was placed on administrative leave on April 27, 2028 [sic], based on alleged work rule violations associated with emails with personal notes placed in the mailboxes of three RN Supervisors and indicate who was involved in that decision. (ECF No. 39-2, PageID.413).
>
> INTERROGATORY NO. 4: Please explain why the investigation into Raychelle Woolfolk's alleged work rule violations, which resulted in her placement on administrative leave on April 27, 2018, was unsubstantiated and indicate who made that determination. (ECF No. 39-2, PageID.414).

---

[2] The Court recommends that the parties review the Model ESI Order available on the Court's website as a guide to help them in this process. https://www.mied.uscourts.gov/PDFFIles/ModelESIDiscoveryOrderAndRule26fChecklist.pdf (last visited Mar. 13, 2024).

> OBJECTION (as summarized in the joint statement): Defendants object to this interrogatory because it seeks a narrative response and information not relevant to the claims remaining in this case. The interrogatory requests a narrative response because it does not seek a categorical, absolute, or unqualified response. The interrogatory also seeks information that is not relevant to any claim or defense because it seeks information about events that occurred in 2017—events that fall well outside of the statutes of limitations and are not proximate to the relevant events of this case to form the basis of a retaliation claim. (ECF No. 42, PageID.566).

Defendants properly object to these interrogatories to the extent they request narrative responses "that would require [d]efendant[s] to collect, analyze, and summarize information for [p]laintiff[s], that [p]laintiff[s] could gather [themselves] from documents produced in response to the document requests." *Noakes v. Case Western Reserve Univ.*, No. 1:21-CV-01776-PAB, 2022 WL 17811630, at *8 (N.D. Ohio Dec. 19, 2022). If plaintiffs seek to further explore the reasoning behind employment decisions, they would be better served by deposing the decisionmakers.

On the other hand, defendants' objections related to the statute of limitations and relevancy do not carry the day. Discovery is liberal and Rule 26(b)(1) allows discovery of information that "need not be admissible in evidence." Information concerning Woolfolk's work experience for the last several years is arguably relevant even if she can no longer bring claims based on some of those experiences based on the statute of limitations. At the very least, the information could provide

6

useful background for her attorney as he investigates and develops her claims for trial.

### IV. Conclusion

For the reasons stated above, plaintiffs' motion to compel, (ECF No. 39), will be CONDITIONALLY GRANTED IN PART and DENIED IN PART. Specifically, the motion is CONDITIONALLY GRANTED as to Request to Produce Nos. 2, 4, 6, 7, 8, 9, 10, 11, 16, 17, and 21.  Counsel shall meet and confer within twenty-one (21) days of entry of this order to come to an agreement on custodians, search terms, and date ranges to enable defendants to produce responsive emails to plaintiffs' document requests.

The motion is DENIED as to Interrogatory Nos. 2, 3, and 4 because as currently phrased, these interrogatories primarily seek information that is more appropriately explored through questioning at a deposition.

SO ORDERED.

Dated: March 13, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2024.

                                                s/Carolyn Ciesla
                                                CAROLYN CIESLA
                                                Case Manager