UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO HARRISON, et al.,<br>Plaintiffs,<br><br>v.<br><br>MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.<br>Defendants. | Case No. 22-12034<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING IN PART MOTION FOR LEAVE TO FILE VIDEO EXHIBIT UNDER SEAL (ECF NO. 68) AND GRANTING DEFENDANTS' MOTION TO SEAL AND FILE VIDEO EXHIBIT UNDER SEAL (ECF NO. 60)**

Defendants Michigan Department of Health and Human Services ("MDHHS") and Leon Broadnax ("Broadnax") (collectively, "defendants") moved for leave to file three video exhibits to the brief in support of their motion for summary judgment pursuant to Rule 19(c) of the Eastern District of Michigan's Electronic Filing Policies and Procedures, and to seal those video exhibits pursuant to Federal Rule of Civil Procedure 5.2(d) and the Eastern District of Michigan Local Rule 5.3. ECF Nos. 54, 60. Two of the proposed video exhibits defendants asked to be filed under seal capture

the interaction between plaintiff Antonio Harrison ("Harrison") and non-party Patient S.B., and the third video shows another Center for Forensic Psychiatry ("CFP") employee restraining a patient ("Anderson restraint video"). *See* ECF No. 54-1, PageID.606; ECF No. 60-2, PageID.3016; ECF No. 60-1, PageID.3015. The defendants also sought to seal Patient S.B.'s medical record. ECF No. 54-2, PageID.607.

On August 25, 2025, this Court issued an Order ("Order") granting in part and denying in part defendants' motions to file video exhibits and to file those videos under seal. ECF No. 65. Specifically, the Court granted the defendants' requests except for the request to file and seal the video exhibit relating to the Anderson restraint video (ECF No. 60-1). ECF No. 65, PageID.3112.

Presently before the Court is defendants' motion for reconsideration of the Court's order denying in part defendants' motion for leave to file video exhibits under seal (ECF No. 65) ("motion for reconsideration"). ECF No. 68. For the reasons set forth below, the Court will grant defendants' motion for reconsideration. ECF No. 68.

Eastern District of Michigan Local Rule 7.1(h)(2) articulates that motions for reconsideration of non-final orders are disfavored and may be brought only upon the following grounds:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. L.R. 7.1(h)(2). A motion for reconsideration is not a proper means "to re-hash old arguments." *Smith ex rel. Smith v. Mt. Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). "Fundamentally, 'a motion for reconsideration is not a second bite at the apple[.]'" *Masjid Malcolm Shabazz House of Worship, Inc. v. City of Inkster,* 2022 WL 866402, at *7 (E.D. Mich. March 23, 2022) (quoting *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011)).

Here, the defendants argue that the Court made a factual mistake when it assumed that defendants did not object to the production of the Anderson restraint video during discovery. ECF No. 68, PageID.3132. The

Court agrees that it decided defendants' motion for leave to file the Anderson restraint video under seal, ECF No. 60, on a mistaken fact.

As defendants point out in their motion for reconsideration, they did in fact object to producing this video on relevance grounds during discovery and noted such objection in their motion. The Court overlooked this objection when it issued its Order, believing instead that defendants violated discovery rules by baselessly refusing to produce this video and then impermissibly attempted to use it to support their rebuttal argument. Because it mistakenly believed that defendants violated discovery rules in refusing to produce the Anderson restraint video, the Court decided that defendants could not file it to support its brief in reply to plaintiffs' opposition or use the video at trial. ECF No. 65, PageID.3111. Once defendants objected to plaintiffs' request to produce this video, it was incumbent upon plaintiffs to challenge that objection with a motion to compel if it wanted it produced. Plaintiffs did not move to compel the video's production. Defendants' failure to produce it did not violate discovery rules and thus they have demonstrated that they are entitled to relief under E.D. Mich. L.R. 7.1(h)(2). Accordingly, the Court vacates its prior order to the extent that it barred defendants from filing the Anderson

restraint video as an exhibit to their motion for summary judgment and using such evidence at trial.[1]

But now the Court must address the merits of defendants' motion to seal the Anderson restraint video. ECF No. 60; ECF No. 60-1, PageID.3015. The proposed video captures an interaction between a CFP non-party employee, Daren Anderson, and a non-party patient, which occurred inside of the CFP. Other non-party patients are also shown in the video. Defendants ask to court to seal this video to protect the non-party patients' privacy interests and because it raises confidentiality concerns under the Health Insurance Portability and Accountability Act (HIPAA). ECF No. 60, PageID.3010.

As an initial matter, the Court notes that the Anderson restraint video presents similar reasons for public nondisclosure as the other videos subject to a motion to seal filed by defendants. *See* ECF No. 54-1, PageID.606; ECF No. 60-2, PageID.3016. Those videos show plaintiffs, Patient S.B., and other patients who are not parties to this litigation, inside of the CFP during the incident between plaintiff Harrison and Patient S.B.

---

[1] As defendants point out, the parties can address its admissibility by filing motions *in limine*. ECF No. 68, PageID.3134 n.3.

The Court granted defendants' motions to seal those videos in its Order and finds its reasoning applicable to the Anderson restraint video at issue here.

The Court incorporates the motion to seal standard set forth in its Order as if fully stated herein, *see* ECF No. 65, and finds the compelling reasons justifying nondisclosure of this video outweigh the public's interest in accessing it. It is well established that the "'privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The Sixth Circuit recognizes that "privacy rights of participants or third parties" can constitute exceptions to the presumption of open courts records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1995).

"One has a right to privacy in sensitive medical information, especially when that medical information is unrelated to the merits of the case." *In re Flint Water Cases*, 2020 WL 8881372, at *1 (E.D. Mich. Aug. 13, 2020). Indeed, "[a]llowing access to the[se] videos would enable the public to identify . . . nonparty patients and reveal that they are suffering from mental

illness and receiving treatment at a psychological institution." *Davis v. Elwyn, Inc.*, 2021 WL 4902333, *3-4 (E.D. Pa. Oct. 20, 2021). Courts have found a compelling interest in protecting disclosure of non-party patients' identities, as such disclosure could cause irreparable harm. *Id.* Therefore, the privacy interests of the non-parties depicted in this video and their private medical information—that they are suffering from mental illness and receiving treatment at a psychological institution (CFP)—are sufficient to overcome the presumption of access. Accordingly, defendants' request to file the Anderson restraint video under seal is granted.

For the reasons discussed herein, **IT IS ORDERED** that defendants' motion for reconsideration (ECF No. 68) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Order (ECF No. 65) is **VACATED** to the extent that it denied defendants' motion for leave to file the Anderson restraint video under seal (ECF No. 60) and barred defendants from using that video at trial.

For the reasons discussed herein, the Court **GRANTS** the motion to file the video exhibit relating to the Anderson restrain video under seal, *see* ECF No. 60-1.

**IT IS FURTHER ORDERED** that upon entry of this Order, defendants shall upload the permitted exhibit in accordance with Rule 19(c) of the Eastern District of Michigan's Electronic Filing Policies and Procedures.

**IT IS FURTHER ORDERED** that if defendants have not done so already, they shall produce the video of the Anderson restraint to plaintiffs' counsel and mark it confidential under the governing protective order (ECF No. 35) upon entry of this order.

**IT IS SO ORDERED.**

Dated: September 19, 2025

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge